UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| KELVIN S. ROBBINS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CV411-052 |
| CHATHAM COUNTY COURTHOUSE, JUDGE PERRY BRANNEN, CLERK VALERIE E. MURCHISON,[1] | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Kelvin Robbins attacks a Georgia Superior Court judgment dismissing his personal injury case. (Doc. 1 at 3-4.) He states that the "Chatham County Court House" violated his constitutional rights and that he should have his filing fee returned. (*Id.* at 4.) For jurisdictional purposes only, Robbins's motion to proceed *in forma pauperis* ("IFP") (doc. 2) is **GRANTED**, but his case should be dismissed.

Federal district courts do not act as appellate courts over state

---

[1] The clerk's name is illegible. (Doc. 1 at 1.) Based upon the Chatham County Superior Court's website, the Court believes Robbins names Deputy Clerk Valerie Murchison. *See* Chatham County Superior Court Clerk Website, *available at* http://www.chathamcounty.org/supctclk.html (last visited Mar. 4, 2011).

tribunals. *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "The *Rooker-Feldman* doctrine precludes federal courts -- other than the United States Supreme Court -- from reviewing final judgments of state courts." *Talley v. Columbus, Georgia Housing Auth.*, 2010 WL 4409379 at * 1 (11th Cir. Nov. 8, 2010); *Liedel v. Juvenile Ct. of Madison County*, 891 F.2d 1542, 1545 (11th Cir. 1990); *Staley v. Ledbetter*, 837 F.2d 1016, 1017 (11th Cir. 1988) ("The federal courts are not a forum for appealing state court decisions."). Even an allegation that the state court action was unconstitutional gives the district court no jurisdiction over a challenge to a state court decision. *Feldman*, 460 U.S. at 486; *see Haggerty v. Clement*, 749 F.2d 217 (5th Cir. 1984) (district court lacked jurisdiction to review claim that state court had denied plaintiff his right to due process).

Instead, such dissatisfied litigants must appeal through the state system and ultimately to the United States Supreme Court. *Leidel*, 891 F.2d at 1545. Thus, the plaintiff may not seek a reversal of the state court judgment by casting his complaint in the form of a civil rights action in federal court. *Rolleston v. Eldridge*, 848 F.2d 163, 165 (11th

Cir. 1988) ("A section 1983 action is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court."). If plaintiff is dissatisfied with the result in state court, he must exercise his rights to state review, if any, and proceed from there to the United States Supreme Court. Accordingly, this case should be **DISMISSED**.

As an additional matter, this is the fifth *in forma pauperis* case Robbins has filed in this Court since September 9, 2010. *See Robbins v. Social Security*, No. CV411-035 (S.D. Ga. filed Feb. 14, 2011); *Robbins v. City of Savannah,* CV411-034 (S.D. Ga. filed Feb. 14, 2011); *Robbins v. Roland Corp.*, No. CV411-033 (S.D. Ga. filed Feb. 14, 2011); *Robbins v. Def Jam Records*, No. CV410-208 (S.D. Ga. filed Sept. 9, 2010). The undersigned has already recommended that this case and another, CV411-034, be dismissed as frivolous. Robbins is warned that he is traveling down a dangerous road should he continue to flood this Court with baseless lawsuits and abuse the privilege of proceeding IFP. If he continues to burden the Court with frivolous filings, he may lose his right to proceed IFP without first posting a frivolity bond. *See Wilkerson v. Statesboro Police Dep't*, 2009 WL 4609603 at *2 (S.D. Ga. Dec. 2, 2009)

(requiring a litigant to post a $100 frivolity bond before filing suit which she forfeits should her suit be dismissed as frivolous). Should he persist beyond that point, even more severe sanctions may be contemplated. Such bullheaded, abusive litigants may face a fine and a period of imprisonment for contempt of court. *See* 18 U.S.C. §§ 401 & 402.

**SO REPORTED AND RECOMMENDED** this  9th  day of March, 2011.

/s/ Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA